## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION
## CIVIL ACTION NO. 4:05-CV-150-M

**RICHARD WESLEY HOWREN**                                    **PLAINTIFF**

**v.**

**CAREER SYSTEMS DEVELOPMENT CORP., et al.**          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for summary judgment by Defendant, Applied Technology Systems Inc. ("Applied Technology") [DN 15]. Fully briefed, this matter stands ripe for decision. For the reasons set forth below, the motion by the Defendant for summary judgment is **DENIED.**

### I. BACKGROUND

Plaintiff, Richard Wesley Howren ("Howren"), was a student at the Earl C. Clements Job Corps Center ("Job Corps Center"). The Job Corp Center is an educational and vocational training program funded by the federal government. The Department of Labor contracted with the defendants, Career Systems Development Corporation ("Career Systems"), Del-Jen, Inc. ("Del-Jen"), and Applied Technology, to operate, manage, and administer the program at the Earl C. Clements Job Corps Center. As a student of the Job Corp Center, Howren is considered an employee of the federal government for purposes of the Federal Employee Compensation Act ("FECA"), 29 U.S.C. § 2897.

While attending the Job Corps Center, Howren was attacked by other students and suffered personal injuries.   Howren brought this suit for negligence against the Defendants. Defendant, Applied Technology, has moved for summary judgment arguing that the FECA is an exclusive remedy for federal employees which precludes Plaintiff's suit.

## II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.  The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts are largely undisputed, and the Court reviews only the uncontested facts and legal arguments.

## III. DISCUSSION

FECA is a federal workers' compensation program administered by the Secretary of Labor which provides the exclusive remedy against the federal government for work-related injury sustained by federal employees.   The FECA exclusivity provision specifically precludes causes of actions by covered federal employees against the United States and its instrumentalities. 5 U.S.C. § 8116(c).  Section 8116 (c) was "designed to protect the federal

2

government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." <u>Lockheed Aircraft Corp. v. U.S.</u>, 460 U.S. 190 193-4 (1983).   Under FECA, Congress guaranteed an employee's right to receive immediate, fixed benefits, regardless of fault and without need for litigation, in return for which the employee loses the right to sue the government.  <u>Id</u>.  The FECA exclusivity provision provides as follows:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel.

<u>Id</u>.

Applied Technology's argument related to the exclusive remedy is correct as far as it goes.   FECA is the Plaintiff's exclusive remedy against the government and its instrumentalities.  However,  the question here is whether Applied Technology is entitled to the protection provided to the United States or its instrumentalities.  Applied Technology does not directly argue that it is an instrumentality of the United States and it clear that it is not.  The legislative history discusses "corporate instrumentalities of Government" and "corporate instrumentalities created by Congress." S. Rep. No.81-836 at 2135-36 (1949). Applied Technology is not a corporate instrumentality created by Congress.  It is simply a

3

corporation under contract with the government.

Applied Technology suggests that the exclusivity provision should apply because it acts as an agent of the government in administering the Job Corp program. A similar argument was rejected in <u>Schrader v. Hercules Inc.</u>, 489 F.Supp. 159 (W.D. Va. 1980).  In <u>Schrader</u>, a civil employee of the Army brought suit against a government contractor for injuries related to an explosion that injured him at work.  <u>Id.</u> at 160. The defendant corporation sought dismissal based on the argument that its relationship with the government was so intertwined that it was an extension of the sovereign and its cost reimbursement contract with the government should preclude suits under FECA. <u>Id.</u>  The court disagreed noting that FECA expressly recognizes third party liability.  <u>Id.</u> at 162. The court found that the suit against the corporation imparted no direct "obligation on the part of the United States to pay."  <u>Id.</u>

Defendant also argues that the Plaintiff should be prevented from a double recovery as Congress intended.  Again, Defendant ignores the fact that Congress' intent was to prevent double recovery against the United States government or its instrumentalities, not independent corporations contracting with the government.  Like <u>Schrader</u>, this case imparts no direct "obligation on the part of the United States to pay." 489 F.Supp. at 162. Consequently, the Court finds no reason under FECA to preclude Plaintiff's suit.

## IV. CONCLUSION

For the reasons foregoing, the motion by the Defendant, Applied Technology, for summary judgment [DN 15] is **DENIED.**

**CC: Counsel of Record**
U:\documents\Howren405cv150.wpd

5